**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MORRIS CAMPBELL,                                                        PETITIONER
REG. #25103-099

v.                              2:12-CV-00119-BRW-JJV

T. C. OUTLAW,                                                           RESPONDENT
Warden, FCI-Forrest City, AR

<u>ORDER</u>

**I.      BACKGROUND**

Petitioner, Morris Campbell, an inmate at Federal Correction Complex Forrest City,

Arkansas filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 2.)

Mr. Campbell alleges that he is entitled to early release under the Residential Drug Abuse

Program (RDAP).[1]  Respondent counters that Petitioner has failed to exhaust his administrative

remedies, the issue is not ripe because he has not completed the program, and is not entitled to

early release.[2]  For the following reasons, the Court concludes that Petitioner has failed to

exhaust his administrative remedies so his Petition should be dismissed without prejudice.

**II.     DISCUSSION**

**A.  Exhaustion**

The United States Court of Appeals for the Eighth Circuit has consistently held that

before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his

available administrative remedies.[3]  The United States Court of Appeals for the Eighth Circuit

---

[1]Doc. No. 3 at 7-8.

[2]Doc. No. 16.

[3]See *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (holding that before filing an
action in district court, an inmate must first exhaust his administrative remedies by presenting his

has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level."[4]  "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed."[5]

Respondent attached an affidavit by Bureau of Prisons (BOP) Supervisory Attorney James D. Crook, who states that "Petitioner has filed one administrative remedies during his incarceration. . . [so] Petitioner has failed to completely exhaust his administrative remedies regarding his eligibility for RDAP early release consideration."[6]  Furthermore, Mr. Crook states that Mr. Campbell has still yet to complete the RDAP.[7]  To properly exhaust administrative remedies,  "[a]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy, [via a BP-9]."[8]  If the inmate is not satisfied with the informal resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate

claim for relief to the Bureau of Prisons); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (holding that "[f]ederal prisoners seeking jail-time credit under [18 U.S.C.] § 3568 must exhaust administrative remedies before seeking habeas corpus relief").

[4]*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).

[5]*Id.*

[6]Doc. No. 16-1; *see* Doc. No. 16-4.

[7]*Id.*

[8]28 C.F.R. § 542.13(a).

demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.[9]

In looking at the record before the Court, it appears that Mr. Campbell only filed one grievance and proceeded no further in the administrative remedy process.[10]  Accordingly, Mr. Campbell has failed to exhaust his administrative remedies and his Petition should be dismissed without prejudice.

### B.     Right to Early Release

Mr. Campbell believes he was improperly denied early release by the BOP, because BOP regulations are in conflict with 18 U.S.C. § 3621(e)(2).  Title 18 U.S.C. § 3621(e)(2) provides, in part, that an inmate who is incarcerated for a *nonviolent offense* and who has "successfully completed a program of residential substance abuse treatment" *may* have his sentenced reduced by up to one year by the BOP.[11]  Petitioner's argument is not new.  The United States Court of

---

[9]28 C.F.R. § 542.15(a).

[10]Mr. Campbell filed his initial grievance (ID # 692879-F1) on June 15, 2012.  Doc. No. 16-4.  His grievance was denied on June 21, 2012.  *Id.*

[11]18 U.S.C. § 3621(e)(2) provides in whole that:

**Incentive for prisoners' successful completion of treatment program.**--

**(A) Generally.**--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

**(B) Period of custody.**--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Appeals for the Eighth Circuit has emphasized that 18 U.S.C. § 3621(e)(2)(B) is permissive, finding that the BOP "'may' grant early release, but [does] not guarantee[] eligible inmates early release."[12]

Title 28, Code of Federal Regulations, Section 550.55, which is set forth in BOP Program Statement 5331.02, provides certain restrictions for early release.[13]  It specifically provides that, "[a]s an exercise of the Director's discretion," inmates who have a prior felony or misdemeanor conviction for robbery are not eligible for early release.[14]

The United States Court of Appeals has held that it is within the discretion of the BOP to consider a past violent crime conviction in determining whether or not to grant an inmate early release.[15]  Specifically, in *Zacher* the Eighth Circuit court found that  "[l]ike our sister courts, we conclude that section 3621(e) permits the Bureau to include past offenses in determining whether a prisoner has been convicted only of 'nonviolent offenses.' We also conclude that the Bureau's method for determining which past offenses are violent is a permissible interpretation of the statute."[16]

---

(Emphasis added).

[12]*Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (citing *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999); see also *Lopez v. Davis*, 531 U.S. 230, 239-42 (2001) (finding that § 3621(e)(2)(B) makes any reduction in sentence discretionary and discussing that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment").

[13]The Court notes that it appears § 550.55 used to be codified at § 550.58.

[14]28 C.F.R. 550.55(b)(4)(iii).

[15]See *Zacher*, 202 F.3d at 1044.

[16]*Id.*

4

Mr. Campbell argues that the BOP is incorrectly considering his prior conviction for robbery in denying his early release.[17]  He argues that the language of § 3621 requires that only his current offense be non-violent and does not consider prior violent convictions.[18]  It is clear from the Request for § 3621(e) Offense Review form, that Mr. Campbell is precluded from applying for early release based on his prior robbery conviction.[19]  Based on the case law and the BOP Program Statement, it is well within the discretion of the BOP to deny Mr. Campbell early release based on his prior robbery conviction.

In his Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2241,[20] Mr. Campbell cited *Arrington v. Daniels*,[21] wherein the Ninth Circuit court held that the BOP's "promulgation of [28 C.F.R. § 550.58] was arbitrary and capricious because it failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release."[22]  Mr. Campbell wishes to apply the rationale of the Ninth Circuit in *Arrington* to his case.  Namely, he states that "as was the case in *Arrington*, absent from the record is any explanation, reasoning or reference to other sources through which the BOP's reasoning might be discerned for the decision to categorically exclude [inmates with prior violent felony convictions] from early release eligibility."[23]  However, the Eighth Circuit has explicitly held

---

[17]Doc. No. 3.

[18]*Id.* at p. 2.

[19]Doc. No. 16-2.

[20]Doc. No. 3.

[21]516 F.3d 1106 (9th Cir. 2008).

[22]*Id.* at 1116.

[23]Doc. No. 3 at p. 2.

that it will not follow the decision in *Arrington*, finding the reasoning in *Arrington* to be unpersuasive and contrary to the United States Supreme Court's decision in *Lopez v. Davis*.[24]

Although the law requires a recommendation of dismissal of this Petition, the Court credits Mr. Campbell with completion of the intensive RDAP program.  While he may not be entitled to a year credit toward his sentence, it is the hope of the undersigned that Mr. Campbell will greatly benefit from his completion of this program when he is ultimately released from prison.

## III.    CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue  a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."[25]

In this case, Mr. Campbell's habeas petition is clearly procedurally defaulted as Mr. Campbell has yet to exhaust remaining administrative remedies.  Therefore, no certificate of appealability should be issued.

SO ORDERED this  4th  day of September, 2012.

---

[24]*Gatewood v. Outlaw*, 560 F.3d 843, 846 (8th Cir. 2009).

[25]*Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE